UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 04-94-KSF

UNITED STATES OF AMERICA                                                                                     PLAINTIFF

v.                                              **OPINION & ORDER**

JOSHUA JAMES FLOYD, *et al*                                                                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

      This matter is before the Court upon the third-party claim of Walter Edward Floyd, Jr., in remission of forfeiture to the sale proceeds of the property situated at 1575 Bedford Court, Reno, Nevada. [DE # 412] Currently pending is claimant Floyd's motion to dismiss the forfeiture proceedings relative to the property situated at 1575 Bedford Court, Reno, Nevada, or the 2004 sale proceeds thereof of $124,237.54, or in the alternative, to transfer venue of this claim to the District of Nevada, Reno Division. [DE # 413]  This motion has been fully briefed and is ripe for review.

      Prior to the close of discovery on Floyd's ancillary claim, the Court entered the parties' agreed order on March 7, 2006 staying discovery pending the outcome of Floyd's criminal trial in the District of Nevada. [DE #492]   Pursuant to that order, the parties are directed to file a status report with the court within ten days after adjudication of the criminal action, including how much time will be necessary to complete discovery.  As of this date, no such status report has been filed.

      Nevertheless, the Court, having reviewed claimant Floyd's motion to dismiss or transfer venue, rejects Floyd's arguments in support of dismissal or transfer.  The underlying criminal case

was prosecuted in this district and the Court is familiar with the facts. A Preliminary Judgment of Forfeiture was entered forfeiting Darren MaBunda's interest in the subject property on February 11, 2005. [DE #286]  Additionally, an Amended Preliminary Judgement of Forfeiture forfeiting Joshua James Floyd's interest in the property was entered on March 14, 2005. [DE # 348]  This Court has venue over this ancillary proceeding pursuant to 21 U.S.C. § 853(l), which states:

> The district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section.

21 U.S.C. § 853(l).  Thus, to the extent the United States intends to proceed pursuant to the criminal forfeiture statute, § 853, venue is proper in this Court.

If, however, the United States intends to proceed under the civil forfeiture statute, 18 U.S.C. § 981, venue is governed by § 981(h), which provides, in relevant part: ". . . a proceeding for forfeiture under this section may be brought in the judicial district in which the defendant owning such property is found or in the judicial district *in which the criminal prosecution is brought*." 18 U.S.C. § 981(h) (emphasis added).

To the extent that Floyd argues the Court lacks personal jurisdiction over him or *in rem* jurisdiction over the property at issue, his argument must be rejected.  Prior to 1992, courts held that a district court could not issue process against property not within its district.  *See United States v. Contents of Accounts Nos. 3034504504 and 144-07143*, 971 F.2d 974, 983 (3rd Cir. 1992)(although forfeiture statutes provide for venue and subject matter jurisdiction, district court lacks *in rem* jurisdiction over property located in another district because service of process cannot be effected outside of the state in which the district court is located), *cert. denied*, 507 U.S. 985 (1993); *United States v. 51 Pieces of Real Property, Roswell, N.M.*, 17 F.3d 1306, 1310 (10th Cir. 1994).  As a result,

the government was forced to file multiple forfeiture actions in different districts to satisfy these jurisdictional requirements.

In 1992, however, Congress amended 28 U.S.C. § 1355 to amend this shortcoming. Section 1355(b) provides:

> (1) A forfeiture action or proceeding may be brought in –
>
> (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or
>
> (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

28 U.S.C. § 1355(b). Additionally, section 1355(d) provides:

> Any court with jurisdiction over a forfeiture action pursuant to subsection (b) may issue and cause to be served in any other district such process as may be required to bring before the court the property that is the subject of the forfeiture action.

28 U.S.C. § 1355(d). As a result, "[t]his national service of process provision clearly conferred *in rem* jurisdiction on district courts in forfeiture proceedings with respect to property located within another judicial district in the United States." *United States v. All Funds On Deposit In Any Accounts Maintained In The Names Of Heriberto Castro Meza*, 63 F.3d 148, 152 (2nd Cir. 1995), *cert. denied*, 517 U.S.1155 (1996); *see also Contents of Account Number 03001288 v. United States*, 344 F.3d 399, 403 (3rd Cir. 2003).

Accordingly, this Court has venue, subject matter jurisdiction and *in rem* jurisdiction over the property at issue in this proceeding. Therefore, the Court, being fully and sufficiently advised, HEREBY ORDERS:

(1) claimant Floyd's motion to dismiss or transfer [DE # 413] is DENIED; and

(2)  within TEN (10) DAYS of entry of this Order, the parties shall file a status report informing this Court of the status of the criminal prosecution of claimant Floyd in the District of Nevada.

This the 30th day of January, 2007.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge